ROBERT MILLS AND ANOTHER, v. THOMAS J. WALTON.

The fact that the vendor of goods retains possession of them, is presumptive, but not conclusive evidence of fraud; it raises the presumption of fraud, and is decisive, unless satisfactorily explained and accounted for; but may be rebutted by proof, accounting satisfactorily for the continued possession, and showing that the transaction was free from fraud.

Appeal from Henderson. Tried below before the Hon. John H. Reagan.

Execution on judgment in favor of Robert Mills and John W. Jockush, against John P. Walton, levied on forty-six head of horned cattle, twenty-one of which were claimed by the appellee, by purchase from the defendant in execution.

*E. H. Horrell,* for appellants.

*J. E. Cravens,* for appellee.

WHEELER, J. There was error in refusing the second instruction asked by the plaintiffs, to the effect that the continuing in possession by the defendant in execution, after the making of the bill of sale, was presumptive evidence of fraud,

Mills v. Walton.

which threw upon the claimant the burden of proving that the transaction was fair and honest; the sale upon valuable consideration and *bona fide.* Since the division in Twyne's case, (3 Co. 37,) it has never been doubted that the vendor's retaining possession of the goods, after making an absolute bill of sale, is evidence of fraud; but the great point of controversy has been, whether the fraud which was to be inferred in such a case, was a conclusion of law to be drawn by the Court, and which could not be explained and rebutted by any evidence of the fairness and honesty of the transaction, or whether the fact of continued possession was only evidence of fraud to be drawn by the jury, and susceptible of explanation. This Court has adopted the latter doctrine; holding that the possession remaining with the vendor is presumptive, but not conclusive evidence of fraud; that it raises the presumption of fraud, and is decisive, unless satisfactorily explained and accounted for; but may be rebutted by proof, accounting satisfactorily for the continued possession, and showing that the transaction was free from fraud. (1 Tex. 415; 8 Id. 33.) In refusing the instructions in question, the Court in effect held that it was not even presumptive evidence of fraud. This was error; for which the judgment must be reversed and the cause remanded.

Reversed and remanded.